# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
ANTHONY MEJIA

## DEFENDANTS
UNITED STATES STEEL CO. dba USS-POSCO INDUSTRIES and DOES 1-10, inclusive

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Contra Costa__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kathleen A. McCormac (SB 159012)
McCormac & Associates
655 Montgomery St., Suite 1200
San Francisco, CA 94111
(415) 399-1722

Attorneys (If Known)
Jeffrey M. Tanenbaum (SB 104951)
NIXON PEABODY LLP
One Embarcadero Center, 18th Flr.
San Francisco, CA 94111
(415) 984-8200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 2 l USC 88 1 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | [ ] 871 IRS – Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332, 1441, and 1446

Brief description of cause:
Employment discrimination claim under California Fair Employment & Housing Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE
July 3, 2008

SIGNATURE OF ATTORNEY OF RECORD
Joshua M. Henderson

NDC-JS44

## PROOF OF SERVICE

**CASE NAME:** **MEJIA v. UNITED STATES STEEL CO.**
**COURT:** **USDC – NORTHERN DISTRICT**
**CASE NO.:**
**NP FILE:** **031308.8**

     I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On this date, I served the following document(s):

     **CIVIL COVER SHEET**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

    __✓__:   By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

    ____:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

    ____:   By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

    ____:   By Facsimile — From facsimile number  at approximately A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

Kathleen A. McCormac, Esq.
McCormac & Associates
655 Montgomery St., Suite 1200
San Jose, CA  94111
T: (415) 399-1722

     I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2008, at San Francisco, California.

_____
Carol C. Dowling

11074722.1

1 | JEFFREY M. TANENBAUM, State Bar No. 104951
2 | JOSHUA M. HENDERSON, State Bar No. 197435
MATTHEW J. FRANKEL, State Bar No. 256633
3 | NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
4 | San Francisco, California 94111-3600
Telephone: (415) 984-8200
5 | Fax: (415) 984-8300

**ORIGINAL FILED**

JUL – 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

6 | Attorneys for Defendant
USS-POSCO INDUSTRIES (erroneously named in the Complaint
7 | as "United States Steel Co. dba USS-Posco Industries")

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

**JCS**

11

12 | ANTHONY MEJIA,

CV 08  Case No. _____ **3239**

13 |              Plaintiff,

14 |   vs.

**NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1332, 1441
AND 1446 (DIVERSITY)**

15 | UNITED STATES STEEL CO. dba USS-POSCO
INDUSTRIES and DOES 1-10, inclusive,

16

17 |              Defendants.

18

19

20 |   TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD AND THE UNITED STATES

21 | DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

22 |   Defendant USS-POSCO INDUSTRIES ("UPI" or "Defendant") (erroneously sued as

23 | UNITED STATES STEEL CO. dba USS-POSCO INDUSTRIES) hereby gives notice of the removal

24 | of the above-entitled civil action from the Superior Court of the State of California in and for the

25 | County of Contra Costa to the United States District Court for the Northern District of California.

26 |   This action is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the

27 | grounds that there is complete diversity of citizenship between Plaintiff Anthony Mejia ("Plaintiff"),

28 | who at the time of the complaint's filing and the time of this removal is a citizen of the State of

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28     1
U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)

11072380.1

California and Defendant UPI who at all relevant times has been a citizen of the States of Delaware and New Jersey and the Commonwealth of Pennsylvania. In addition, the amount in controversy exceeds the jurisdictional minimum of $75,000.

### Removal Jurisdiction

1.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.    Plaintiff commenced the above-entitled action against removing parties in the Superior Court of the State of California in and for the County of Contra Costa on or about May 15, 2008, by filing a Complaint ("Complaint") and causing to be issued a Summons, copies of which are attached hereto as Exhibit A.

3.    On or about June 4, 2008, a copy of the Complaint and Summons was delivered to Corporation Service Company, United States Steel Corp.'s registered agent in California. Pitcal, Inc., a wholly-owned subsidiary of United States Steel Corp. ("U.S. Steel"), is a general partner of UPI.

4.    On July 3, 2008, Defendant filed an Answer and Defenses to the Unverified Complaint in the Superior Court of the State of California in and for the County of Contra Costa, a copy of which is attached hereto as Exhibit B.

5.    The filing of this notice of removal is timely as it has been filed within thirty (30) days after service of the Complaint and summons as required under 28 U.S.C. §1446(b).

6.    The Complaint and Summons attached as Exhibit A and the Answer filed by Defendant attached as Exhibit B constitute all of the state court pleadings, process, and orders to date.

7.    Defendant will give written notice of the filing of this notice of removal to Plaintiff as required by 28 U.S.C. §1446(d) and will file a notice of removal with the clerk of courts for the Superior Court of the State of California in and for the County of Contra Costa as further required by that section.

### Diversity Jurisdiction

8.    This action is a civil action over which the court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendants under 28 U.S.C. §1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as demonstrated by the following:

9.    Defendant is informed and believes and thereon alleges that Plaintiff was at the time of the filing of this action, and still is, a citizen of the State of California residing in the County of San Joaquin. *See* Ex. A, Complaint ¶ 1.

10.    UPI was at the time of the filing of this action, and still is, a general partnership. For the purposes of diversity jurisdiction, the citizenship of a partnership is determined by the citizenship of each of its partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). The partners of UPI are two corporations:  (1) Posco-California Corporation, which is incorporated in the State of Delaware and whose principal place of business is in Fort Lee, New Jersey; and (2) Pitcal, Inc., which is incorporated in the State of Delaware and whose principal place of business is in Pittsburgh, Pennsylvania. Thus, UPI is a citizen of New Jersey, Delaware, and Pennsylvania.

11.    As Plaintiff and Defendant are citizens of different states, complete diversity of citizenship exists.

12.    This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied. Defendant discusses below the allegations in Plaintiff's complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will recover on any of his theories.

13.    The court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant need only show by a preponderance of evidence that Plaintiff's claim exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

14.    Plaintiff seeks wages he has lost and continues to lose and related employment benefits as measures of damages. *See* Ex. A, Complaint, ¶¶ 27, 29, 35, 37, and Prayer for Relief.

15.    Plaintiff's lost wages claim alone exceeds the jurisdictional minimum of this court. Had Plaintiff performed work for UPI from 2005 through the present, *i.e.*, the period in which the alleged wrongful conduct set forth in the Complaint took place, Plaintiff would have received an annual salary of at least $50,000 for each year. *See* Exhibit C, Declaration of Travis Swenson in Support of Defendant's Notice of Removal, ¶ 2. As such, Plaintiff's claim for lost wages alone, from 2005 to the date this removal is filed, easily exceeds $75,000.

16.    Plaintiff also seeks attorneys' fees. *See* Ex. A, Complaint, ¶¶ 28, 36 and Prayer For Relief. Attorneys' fees in discrimination cases, such as alleged in the Complaint, have been found to be substantial. "The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages. The court recognizes that the percentage of cases that ultimately go to trial is very small. Nonetheless, plaintiff's claims are unlikely to be immediately resolved. While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

17.    Above and beyond his lost wages, employment benefits, and attorneys' fees, Plaintiff also seeks punitive damages and damages for emotional distress. *See* Ex. A, Complaint, ¶¶ 27, 35 and Prayer for Relief. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943). Plaintiff's claims for punitive damages, emotional distress damages, and attorneys' fees reinforces that the amount in controversy greatly exceeds the jurisdictional minimum of this Court.

18.    Defendant has therefore demonstrated that this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). The action is therefore properly removed to this Court. *See* 28 U.S.C. § 1441(a).

1

2

**Venue**

3

19.    Venue lies in the United States District Court for the Northern District of California

4

pursuant to 28 U.S.C. § 1441(a) because the state court action was filed in this district, namely in

5

Contra Costa County.

6

**Notice to State Court and to Plaintiff**

7

20.    Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff

8

and to the Clerk of the Superior Court of the State of California in the County of Contra Costa.  The

9

Notice of Removal is concurrently being served on all parties.

10

11

WHEREFORE, Defendant respectfully gives notice that the above-entitled action now

12

pending against it in the Superior Court of the State of California in and for the County of Contra

13

Costa is removed to this Court.

14

15

DATED:    7-3-08

Respectfully submitted,

16

NIXON PEABODY LLP

17

18

By:    Jann M. Hecen

19

JEFFREY M. TANENBAUM
JOSHUA M. HENDERSON

20

MATTHEW J. FRANKEL
Attorneys for Defendant

21

USS-POSCO INDUSTRIES

22

23

24

25

26

27

28



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

AP1 / ALL
Transmittal Number: 5821736
Date Processed: 06/04/2008

| Primary Contact: | Robert E Hilton Esq.<br>United States Steel Corporation<br>Law Dept Rm 1500<br>600 Grant Street<br>Pittsburgh, PA 15219 |
|---|---|

| | |
|---|---|
| Entity: | United States Steel Corporation<br>Entity ID Number 2099335 |
| Entity Served: | United States Steel Co. d/b/a USS-Posco Industries |
| Title of Action: | Anthony Mejia vs. United States Steel Co. d/b/a USS-Posco Industries |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court: | Contra Costa Superior Court, California |
| Case Number: | C08 01303 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/04/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Seth R. Merrick<br>415-399-1722 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT

Unless this is a complex case, this cover sheet will be used for statistical purposes only.          Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

---

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
<u>UNITED STATES STEEL CO. d/b/a USS-POSCO INDUSTRIES</u> and
DOES 1-10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTHONY MEJIA



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2008 MAY 15 P 1:10

X [illegible] [illegible] COURT
[illegible]
D. Wagner, Deputy Clerk

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:                                          CASE NUMBER:
*(El nombre y dirección de la corte es):*                                       *(Número del Caso):*   C08   01303

Superior Court of California, County of Contra Costa
725 Court Street, Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

SETH R. MERRICK (SBN 231607)                                    Phone No. (415) 399-1722
McCormac & Associates                                           Fax No. (415) 399-1733
655 Montgomery Street, Suite 1200, San Francisco, California 94111-2630

DATE:                          CLERK OF THE                     D. WAGNER
*(Fecha)* 5/15/08              SUPERIOR COURT      Clerk, by _____ , Deputy
                               CLERK OF THE        *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* UNITED STATES STEEL CO., D/B/A USS-POSCO INDUSTRIES

   under: [X] CCP 416.10 (corporation)              [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery [illegible]

05/29/2008  11:13  4153991733                                                   PAGE  02

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kathleen A. McCormac (State Bar # 159012) | |
| McCormac & Associates | |
| 655 Montgomery Street, Suite 1200, San Francisco, California  94111-2630 | FILED |
| TELEPHONE NO.: (415) 399-1722       FAX NO.: (415) 399-1733 | |
| ATTORNEY FOR (Name): Anthony Mejia, Plaintiff | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA | 2008 MAY 15 P 1:09 |
| STREET ADDRESS: 725 Court Street, Room 103 | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Martinez, CA 94553 | |
| BRANCH NAME: | SUPERIOR COURT COSTA CALE |
| CASE NAME: | |
| MEJIA v. USS-POSCO INDUSTRIES | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | C08  01303 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [X] Other employment (15) | | |

2. This case [ ] is [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): TWO (2)

5. This case [ ] is [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: MAY 15, 2008

SETH R. MERRICK
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

CM-010

05/29/2008  11:13   4153991733                                              PAGE  03

KATHLEEN A. McCORMAC (#159012)
SETH R. MERRICK (#231607)
McCORMAC & ASSOCIATES
655 Montgomery Street, Suite 1200
San Francisco, CA 94111
Tel: (415) 399-1722
Fax: (415) 399-1733

Attorneys for Plaintiff
ANTHONY MEJIA

**FILED**

2008 MAY 15  P 1: 09

In Deputy Clerk

## IN THE SUPERIOR COURT OF CALIFORNIA
### IN AND FOR THE COUNTY OF CONTRA COSTA

ANTHONY MEJIA,

    PLAINTIFF,

    vs.

UNITED STATES STEEL CO. d/b/a USS-POSCO INDUSTRIES and DOES 1-10, inclusive

    DEFENDANT(S).

Case No.: **C08   01303**

COMPLAINT FOR:
1) DISABILITY DISCRIMINATION: CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (CAL. GOVT. CODE §§12940 ET SEQ.)
2) RETALIATION: CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (CAL. GOVT. CODE §§12940 ET SEQ.)

**JURY TRIAL DEMANDED**

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT _____

SUMMONS ISSUED

### COMPLAINT

Now comes ANTHONY MEJIA ("PLAINTIFF") in the above styled action, and files this Complaint and further shows the Court as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. PLAINTIFF is a resident of Stockton, California.

2. USS-POSCO INDUSTRIES, ("DEFENDANT UPI") is an entity, has a place of business and is and has been doing business at 900 Loveridge Road, P.O. Box 471, Pittsburg, CA 94565 and is therefore subject to the jurisdiction of this Court.  DEFENDANT UPI may be served with Summons and Complaint through its registered agent for service, CSC-Lawyers Incorporating Service, PO Box 526036, Sacramento, CA 95852-6036.

-1-



COMPLAINT AND DEMAND FOR JURY TRIAL

3.  DEFENDANTS DOES 1-10 are sued herein under fictitious names.  Their true names and capacities are unknown to PLAINTIFF.  PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously-named DEFENDANTS are responsible in some way for the occurrences herein alleged and PLAINTIFF'S damages as herein alleged were caused by DEFENDANTS.   When the true names of DOES 1-10 are ascertained, PLAINTIFF will amend his Complaint by inserting their true names and capacities herein.

4.  PLAINTIFF is informed and believes, and based on that information and belief alleges, that at all times mentioned in this Complaint, DEFENDANTS were the agents and employees of their codefendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

5.  PLAINTIFF is informed and believes and thereon alleges that DEFENDANT UPI is an employer subject to suit under the California Fair Employment and Housing Act (California Government Code §§12940 *et seq.*, hereinafter referred to as the "FEHA").

## JURISDICTION AND VENUE

6.  PLAINTIFF brings this action pursuant and under the provisions of the FEHA.

7.  Jurisdiction and subject matter in this action are proper as the amount in controversy, as set forth in the Complaint, exceeds the minimum jurisdictional threshold of this Court.

8.  Venue is proper as DEFENDANT UPI has its principal place of business in Pittsburg and all records relevant to this action are maintained by DEFENDANT UPI in Pittsburg, California.

9.  PLAINTIFF is informed and believes and thereon alleges that DEFENDANT is an employer subject to suit under FEHA. DEFENDANT UPI has at all relevant times been

-2-

COMPLAINT AND DEMAND FOR JURY TRIAL



engaged in an industry in the State of California, and has employed five (5) or more employees in the current or preceding calendar year, and is therefore subject to the provisions of FEHA.

10. PLAINTIFF filed a charge of disability discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"). PLAINTIFF received a "Right to Sue" notice from the DFEH on June 6, 2007.

11. PLAINTIFF filed a charge of retaliation with the EEOC and the DFEH. PLAINTIFF received a "Right to Sue" notice from the DFEH on February 4, 2008, allowing him to proceed with a civil suit.

### FIRST CAUSE OF ACTION
### Disability Discrimination
**(Against DEFENDANT UPI in Violation of California Government Code §§12940 et seq.)**

12. By this reference, PLAINTIFF hereby incorporates paragraphs 1-11 of this document as if they were set forth within this cause of action.

13. At all times herein mentioned, the FEHA was in full force and effect and was binding upon DEFENDANT UPI. The FEHA requires DEFENDANT UPI to refrain from discriminating against an employee on the basis of a physical disability, among other things. PLAINTIFF is a qualified individual with a disability as defined by the FEHA. Within the time provided by law, PLAINTIFF filed a charge of discrimination with the DFEH alleging that he had been subjected to discrimination on the basis of his disabilities.

14. PLAINTIFF began working for DEFENDANT UPI in or about 1987. PLAINTIFF performed his duties as a Roll Finisher in an exemplary fashion as hereto set forth.

15. PLAINTIFF received an injury to his lower back while working for DEFENDANT UPI.

-3-



**COMPLAINT AND DEMAND FOR JURY TRIAL**

16. In or about July 2005, PLAINTIFF was released by his physician to return to work with certain restrictions.  Shortly thereafter, PLAINTIFF requested that DEFENDANT UPI return him to work with reasonable accommodations.

17. DEFENDANT UPI refused to return PLAINTIFF to work:

18. In or about July 2006, PLAINTIFF was released to return to work his treating physicians, without restrictions. PLAINTIFF again requested that DEFENDANT UPI return him to work.

19. DEFENDANT UPI again refused to return PLAINTIFF to work.

20. On or about May 11, 2007, PLAINTIFF, by and through his attorneys, again requested that DEFENDANT UPI return him to work.

21. To date, PLAINTIFF has not been returned to work.

22. Since the date that PLAINTIFF has been released to return to work by his physicians, DEFENDANT UPI has refused to allow PLAINTIFF to apply for open positions because of his disability.

23. DEFENDANT UPI willfully and/or with reckless indifference violated the FEHA and discriminated against PLAINTIFF by refusing to allow him to apply for open positions, and for failing to make reasonable accommodations to and for the known or perceived physical disability of PLAINTIFF.

24. DEFENDANT UPI willfully and/or with reckless indifference violated the FEHA and discriminated against PLAINTIFF by refusing to allow PLAINTIFF to return to work, and to apply for open positions.

25. DEFENDANT UPI was aware of PLAINTIFF'S physical disability, and PLAINTIFF believes and thereon alleges the substantial, but not the only, factor in DEFENDANT

-4-

COMPLAINT AND DEMAND FOR JURY TRIAL

UPI'S decision to refuse to allow PLAINTIFF to work and to refuse to allow him to apply for open positions was because of PLAINTIFF'S physical disability. Such discrimination has resulted in damage and injury to PLAINTIFF as alleged herein.

26. PLAINTIFF is informed and believes that in addition to the practices enumerated in this Cause of Action, DEFENDANT UPI has engaged in other discriminatory practices that are not fully known by PLAINTIFF.

27. As a direct, foreseeable, and proximate result of DEFENDANT UPI'S discriminatory acts, PLAINTIFF has suffered and continues to suffer substantial losses and earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

28. Pursuant to the FEHA, PLAINTIFF demands that DEFENDANT UPI pay reasonable attorneys' fees and costs as part of the cost of this litigation.

29. DEFENDANT UPI committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring PLAINTIFF and acted with an improper and evil mode amounting to malice, in a conscious disregard for PLAINTIFF'S rights. The acts taken towards PLAINTIFF were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage PLAINTIFF. As a result of DEFENDANT UPI'S discriminatory acts as alleged herein, PLAINTIFF has no claim adequate or complete remedy at law as DEFENDANT UPI continues to engage in said alleged wrongful practices, therefore, PLAINTIFF requests:

(a) That PLAINTIFF be made whole and afforded all benefits attended thereto that would have been afforded to PLAINTIFF but for said discrimination; and,

-5-

COMPLAINT AND DEMAND FOR JURY TRIAL

(b) That DEFENDANT UPI, it's agents, successors, employees, and those acting in concert with DEFENDANT UPI be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Retaliation
(Against DEFENDANT UPI in Violation of California Government Code §§12940 *et seq.*)

30. By this reference, PLAINTIFF hereby incorporates paragraphs 1-29 of this document as if they were set forth within this Cause of Action.

31. From 2005 to present, DEFENDANT UPI has refused to place Plaintiff in open positions that he believes he is qualified for and can perform with or without reasonable accommodations because of his disability. To date, PLAINTIFF has not been interviewed or selected for any of the positions to which he applied by Mike Conley, the Manager of Labor Relations at DEFENDANT UPI, who is responsible for hiring employees.

32. DEFENDANT UPI has also refused to allow PLAINTIFF to apply for open positions that he believes he is qualified for and can perform with or without reasonable accommodations because of his disability.

33. PLAINTIFF is informed and believes there were open positions he could have been placed in, but was not placed in or even allowed to apply for because he engaged in protected activities.

34. PLAINTIFF is informed and believes that in addition to the practices enumerated in this Cause of Action, DEFENDANTS have engaged in other retaliatory practices that are not fully known by PLAINTIFF.



-6-

COMPLAINT AND DEMAND FOR JURY TRIAL

35. As a direct, foreseeable, and proximate result of DEFENDANTS' retaliatory acts, PLAINTIFF has suffered and continues to suffer substantial losses and earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

36. Pursuant to the FEHA, PLAINTIFF demands that DEFENDANTS pay reasonable attorneys' fees and costs as a part of the cost of this litigation.

37. DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring PLAINTIFF and acted with an improper and evil mode amounting to malice, in a conscious disregard for PLAINTIFF'S rights. The acts taken towards PLAINTIFF were carried out by managerial employees acting in a despicable, cold, callous and intentional manner in order to injure and damage PLAINTIFF. As a result of DEFENDANTS' discriminatory acts as alleged herein, PLAINTIFF has no claim adequate or complete remedy of law as DEFENDANTS continue to engage in said alleged wrongful practices, therefore, PLAINTIFF requests:

    (a) That PLAINTIFF be made whole and afforded all benefits attended thereto that would have been afforded to PLAINTIFF but for said discrimination; and,

    (b) That DEFENDANTS, their agents, successors, employees, and those acting in concert with DEFENDANTS be enjoined permanently from engaging in each of the unlawful practices, policies, usage and customs set forth herein.

-7-

COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF makes the following demand:

(a)    That process be issued and served as provided by law, requiring DEFENDANTS to appear and answer or face judgment;

(b)    That PLAINTIFF have and recover a judgment against DEFENDANTS in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages for violation of the FEHA (California Government Code §§12940 et seq.).

(c)    That PLAINTIFF have and recover a judgment against DEFENDANTS in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees and pre and post judgment interest; and

(d)    That PLAINTIFF have and recover a judgment against DEFENDANTS for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter DEFENDANT; and

(e)    That PLAINTIFF have such other relief as this Court deems just and appropriate.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: May 15, 2008                     McCORMAC & ASSOCIATES

                                        SETH R. MERRICK
                                        Attorney for PLAINTIFF

-8-

COMPLAINT AND DEMAND FOR JURY TRIAL



Driving Directions from 66 San Pedro Rd, Daly City, CA to 1701 Ray Dr, Burlingame, CA    Page 1 of 1



9NEWS - Top News Article - Man accused of killing process server, children might have ...   Page 1 of 1



ADVANCED cosmetic surgery CENTER

9NEWS.com
COLORADO'S NEWS LEADER

Thursday, May 29, 2008 12:17:55 PM

HOME   NEWS   WEATHER   TRAFFIC   SPORTS   ENTERTAINMENT   COMMUNITY   AS SEEN ON 9NEWS   JOBS   DIGITAL NETWORK

Home > News

## Man accused of killing process server, children might have watched

posted by: Jeffrey Wolf , Web Producer

created: 5/28/2008 8:02:43 PM
Last updated: 5/29/2008 8:36:06 AM

Set 9NEWS as your homepage!
STORY TOOLBOX
- Send to a friend.
- Printable Version
- Decrease text size
+ Increase text size

Click to enlarge



LARIMER COUNTY – Investigators have arrested a man accused of killing a process server on Wednesday night and two children might have watched it happen.

The Larimer County Sheriff's Office says it happened just after 6 p.m. at a home on Glade Road near Orchard Drive just north of Highway 34. The victim, a man, was already dead when the deputies arrived.

Sheriff Jim Alderden says the scene was "very bloody."

"There's a lot of blood and they're not exactly sure what the cause of death is," he said.

Deputies say they arrested 45-year-old James Scott Whitier for killing the person who was serving divorce papers and a restraining order. The victim may have either been stabbed or beaten to death, according to investigators.

"Apparently what happened, you have a divorce situation where the lady showed up to have her husband served with divorce papers and a restraining order with a private process server," said Alderden.

A process server is a person who serves subpoenas and other court papers.

"Everything appeared to go well at the onset, but obviously we ended up with some sort of an altercation," said Alderden.

The wife has minor injuries and was taken, along with her father, to Larimer County Sheriff's Office to obtain their statements.

The spouse refused medical treatment, but two children who were in the home have been taken to the Medical Center of the Rockies.

Their conditions and injuries were not immediately released.

Alderden says Whitier will face charges of first-degree murder.

(Copyright KUSA*TV. All rights reserved.)

STATE FARM®
is here to help with your claim.

STATE FARM
INSURANCE

OTHER NEWS STORIES

- Man killed while delivering divorce papers, suspect arrested - May 29, 2008
- Window still recovering one week later - May 29, 2008
- Shaken baby dies from injuries - May 29, 2008
- Proposal defining fertilized egg a person OK'd for ballot - May 29, 2008
- Man killed while delivering divorce papers - May 29, 2008
- Frontier cash situation dipped in April - May 22, 2008
- Colorado AG plans announcement on arson lawsuit - May 29, 2008
- One ticket hits Lotto jackpot worth $2.8 million - May 29, 2008

TOP STORIES ON 9NEWS.COM

Husband's only beginning of naked woman's rampage
Man accused of killing process server, children might have watched
Gas customers charged cash before pumping
Nude maid accused of really cleaning up
Bed-bug home for sale for $200,000; resort-like included

9NEWS.COM PRODUCTS AND SERVICES

RSS Subscribe to the top stories RSS feed
Headlines available in mobile format

10 Rules for Stomach Fat
Lose 9 lbs every 11 Days By Following 10 Effective Idiot Rules
FatLoss4Idiots.com

"Teeth Whitening Warning"
7 Teeth Whitening Products Tested, Rated, & Reviewed. A Must Read!
consumer-reviews.org
Ads by Google

  

| MSNBC | [ Fort Collins Coloradoan ]
Copyright KUSA-TV, a division of Multimedia Holdings Corporation
[ Contact us ] [ Terms of Service ] [ Privacy Policy/Your California Privacy Rights ] [ Sitemap ]
[ Report a Bug ] [ Media Kit ] [ Set 9NEWS as your homepage ]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

LexisNexis® Automated California Judicial Council Forms

MEJIA VS USS-POSCO INDUSTRIES

NOTICE OF CASE MANAGEMENT CONFERENCE          CIVMSC08-01303

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  10/02/08          DEPT:  09          TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

      Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  05/15/08                    _____
                                    D. WAGNER, Deputy Clerk

05/29/2008  11:13    4153991733    PAGE  11




**Superior Court of California, County of Contra Costa**

## NOTICE TO PLAINTIFFS
### In Unlimited Jurisdiction Civil Actions

**AFTER YOU FILE YOUR COURT CASE:**

1. Have the forms the clerk gives you served on all defendants in this case:
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants  (Local Court Form CV-655d)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2. Within 60 days of the date you filed the complaint you must prove that the forms have been served on (delivered to) the defendants correctly by filing the _Proof of Service_ form (POS-010) (completed by the person who did the service) with the court.

3. Go to the case management conference on the date indicated on The Notice of Case Management Conference.

4. Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute. All parties must answer questions about ADR on the _Case Management Statement_ form. For more information, see the enclosed ADR Information, visit _www.cc-courts.org/adr_ , or call (925) 957-5787.

5. You may delay the first case management conference while you try to resolve the dispute in ADR. If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions _(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])_ and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (_Order to Show Cause_) for them to explain in court why they should not have to pay a fine or have their case dismissed.

VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] _Health and Safety Code §11470 et seq._
[2] _Including claims for emotional distress and/or wrongful death._

CV-655a/Rev. 07/25/2007

05/29/2008  11:13    4153991733                                                    PAGE  12

**Superior Court of California, County of Contra Costa**

## NOTICE TO DEFENDANTS

In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    Blank: Case Management Statement (Judicial Council Form CM-110)

    e.    Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

**You must:**

1.  **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2.  **Complete the** *Case Management Statement*  (CM-110)

3.  **File and serve your court papers on time**   Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4.  **Prove you served your court papers on time**   by having your server complete a *Proof of Service*, (Judicial Council form POS-040), that <u>must</u> be filed at the court within 60 days.

5.  **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6.  **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT!** The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

CV-655d/Rev. 11/05/2007

05/29/2008  11:13    4153991733                                          PAGE  13

---

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.

2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.

3. If you want to ask the court to do something on your behalf, you may file a MOTION (See TYPES OF MOTIONS below)

---

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

For complaints that are NOT verified:

Use Judicial Council form PLD-050 – General Denial

For complaints that ARE verified:

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

c. Be sure to deny every claim with which you disagree. For example, you might write: "I believe, or know, that the information in paragraph #__ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.

NOTE: The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

---

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;

2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;

3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;

4. Motion to Quash Service of Summons *(you were not legally served)*;

5. Motion to Stay *(put the case on hold)*; or

6. Motion to Dismiss *(stops the case)*.

NOTE: Motions are very complicated and you may want to hire a lawyer to help you.

---

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (925) 825-5700
- Bay Area Legal Aid:   (800) 551-5554
- Contra Costa County Law Library     Martinez: (925) 646- 2783          Richmond: (610) 374-3019
- Ask the Law Librarian:     www.247ref.org/portal/access_law3.cfm

CV-655d/Rev. 11/05/2007

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____ Plaintiff(s)

vs.

_____

_____ Defendant(s)

**_Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days_**

Case No.: _____  Date complaint filed: _____   First case management conference set for: _____

> ► ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
> ► PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
> ► THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:

☐ Judicial mediation      ☐ Judicial arbitration       ☑ Neutral case evaluation

☐ Private mediation       ☐ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s) first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the _Case Management Order_ to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff's counsel must notify all parties of the case management conference.

Dated: _____

_____
_Judge of the Superior Court_

CV-655b/Rev. 6/27/07                                                     Local Court Rules, Rule 6 (b)(1)(a)(B)

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

FOR COURT USE ONLY

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE          ☐ LIMITED CASE <br> (Amount demanded          (Amount demanded is $25,000 <br> exceeds $25,000)          or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:              Dept.:          Div.:            Room:
Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties (answer one):**
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)**
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service (to be answered by plaintiffs and cross-complainants only)**
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint  ☐ cross-complaint  (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: | | CASE NUMBER: | CM-110 |
|---|---|---|---|
| DEFENDANT/RESPONDENT: | | | |

4. b.  Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

[ ]  (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.  **Jury or nonjury trial**
The party or parties request [ ] a jury trial [ ] a nonjury trial    (If more than one party, provide the name of each party requesting a jury trial):

6.  **Trial date**
a. [ ]  The trial has been set for (date):
b. [ ]  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

c. [ ]  Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.  **Estimated length of trial**
The party or parties estimate that the trial will take (check one):
a. [ ]  days (specify number):
b. [ ]  hours (short causes) (specify):

8.  **Trial representation (to be answered for each party)**
The party or parties will be represented at trial [ ] by the attorney or party listed in the caption [ ] by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
[ ]  Additional representation is described in Attachment 8.

9.  **Preference**
[ ]  This case is entitled to preference (specify code section):

10.  **Alternative Dispute Resolution (ADR)**
a. [ ]  Counsel [ ] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. [ ]  All parties have agreed to a form of ADR. ADR will be completed by (date):
c. [ ]  The case has gone to an ADR process (indicate status):

CM-110 (Rev. January 1, 2007)                    **CASE MANAGEMENT STATEMENT**                    Page 2 of 4

<br>

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights:    ☐ Yes    ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy    ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

05/29/2008   11:13   4153991733                                    PAGE   18

| PLAINTIFF/PETITIONER: | | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

    Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____            ▶ _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY)

_____            ▶ _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY)

                                                    ☐ Additional signatures are attached



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time ho or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

CV 655c/Rev. 11/03/2007



## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 6 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

CIV-655a/Rev. 11/09/2007

1  JEFFREY M. TANENBAUM, State Bar No. 104951
   JOSHUA M. HENDERSON, State Bar No. 197435
2  MATTHEW J. FRANKEL, State Bar No. 256633
   NIXON PEABODY LLP
3  One Embarcadero Center, 18th Floor
   San Francisco, California 94111-3600
4  Telephone: (415) 984-8200
   Fax:  (415) 984-8300
5
   Attorneys for Defendant
6  USS-POSCO INDUSTRIES (erroneously named in the Complaint
   as "United States Steel Co. dba USS-Posco Industries")
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF CONTRA COSTA

10

11 ANTHONY MEJIA,                          Case No. C08-01303

12                    Plaintiff,           Assigned to Dept. 9

13      vs.                                **ANSWER AND DEFENSES TO
                                           UNVERIFIED COMPLAINT**
14 UNITED STATES STEEL CO. dba USS-POSCO
   INDUSTRIES and DOES 1-10, inclusive,
15

16                    Defendants.

17

18        Defendant USS-POSCO INDUSTRIES ("UPI" or "Defendant") (erroneously named in the

19 Complaint as UNITED STATES STEEL CO. dba USS-POSCO INDUSTRIES), submits its answer

20 and defenses to the Complaint of Plaintiff ANTHONY MEJIA ("Complaint"), as follows:

21        Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant UPI

22 generally denies each and every allegation in the Complaint, and denies that Plaintiff has been

23 damaged or has sustained any damages as a result of the conduct alleged therein.  In addition,

24 Defendant asserts the following affirmative and other defenses.

25                           FIRST DEFENSE

26                 (Failure to State a Claim – All Causes of Action)

27        The Complaint fails to state a claim upon which relief may be granted against Defendant, and

28 fails to allege facts sufficient to constitute a cause of action against Defendant.

ANSWER AND DEFENSES TO UNVERIFIED COMPLAINT
CASE NO. C08-01303

EXHIBIT B                                          11067054.1

## SECOND DEFENSE

### (No Injury – All Causes of Action)

Plaintiff sustained no injury or damages as a proximate result of any act by or attributable to Defendant.

## THIRD DEFENSE

### (Damages Not Caused by Defendant – All Causes of Action)

Plaintiff's injury, damage, loss and/or detriment, if any, was caused, in whole or in part by a party other than Defendant, and any injuries, damages, loss and/or detriment allegedly incurred by him were not the result or cause of any acts, omission, or other conduct of Defendant.

## FOURTH DEFENSE

### (Statute of Limitations – All Causes of Action)

The claims set forth in the Complaint are barred to the extent they exceed the applicable statutes of limitations including, but not limited to, California Government Code sections 12960 and 12965.

## FIFTH DEFENSE

### (Privilege/Justification – All Causes of Action)

Defendant's actions were at all times privilege or justified.

## SIXTH DEFENSE

### (Legitimate Business Reasons – All Causes of Action)

The claims set forth in the Complaint are barred because all actions undertaken by Defendant were accomplished for legitimate, nondiscriminatory business reasons.

## SEVENTH DEFENSE

### (Management Discretion – All Causes of Action)

The claims set forth in the Complaint are barred because the actions that Defendant took with respect to Plaintiff were taken in the legitimate exercise of managerial discretion.

## EIGHTH DEFENSE

### (Good Cause – All Causes of Action)

The claims set forth in the Complaint are barred because Defendant had legal and good cause for its actions.

## NINTH DEFENSE

### (Good Faith – All Causes of Action)

The actions alleged in the Complaint, if and to the extent they occurred, were taken in good faith and were a lawful exercise of Defendant's legal rights.

## TENTH DEFENSE

### (Failure to Exhaust Administrative Remedies – All Causes of Action)

The claims set forth in the Complaint are barred because Plaintiff has failed to exhaust his administrative remedies and/or failed to bring a timely administrative charge against Defendant.

## ELEVENTH DEFENSE

### (Unclean Hands – All Causes of Action)

The claims set forth in the Complaint are barred to the extent Plaintiff is guilty of unclean hands in connection with his allegations against Defendant.

## TWELFTH DEFENSE

### (After-Acquired Evidence – All Causes of Action)

The claims set forth in the Complaint are barred to the extent Plaintiff engaged in any fraud or misconduct which, if known, would have caused him not to be hired or to be suspended or terminated.

## THIRTEENTH DEFENSE

### (Failure to Mitigate – All Causes of Action)

Any recovery by Plaintiff in this matter must be offset by the amount that Plaintiff did earn or reasonably could have earned in mitigation of his damages, if any.

11067054.1

FOURTEENTH DEFENSE

(Waiver – All Causes of Action)

The claims set forth in the Complaint are barred because Plaintiff and/or his representatives or agents has or have waived any right to recover.

FIFTEENTH DEFENSE

(Laches – All Causes of Action)

The claims set forth in the Complaint are barred in whole or in part by the equitable doctrine of laches.

SIXTEENTH DEFENSE

(Failure to State Claim for Exemplary Damages – All Causes of Action)

Plaintiff failed to allege facts upon which a claim for exemplary damages may be granted.

SEVENTEENTH DEFENSE

(Imposition of Punitive or Exemplary Damages Unconstitutional – All Causes of Action)

California Civil Code Section 3294, relating to the imposition of punitive or exemplary damages, is invalid on its face, or as applied to Defendant in this action, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles I and IV of the California Constitution.

EIGHTEENTH DEFENSE

(Imposition of Essentially Criminal Penalty Unconstitutional – All Causes of Action)

Actions such as this seeking the imposition of exemplary damages are essentially criminal in nature and entitle Defendant to the rights afforded to Defendant in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 7, 15 and 17 and Article IV, Section 16 of the California Constitution. The procedural laws that deny such rights to Defendant, including but not limited to the lack of a requirement that Plaintiff prove beyond a reasonable doubt the basis for imposing exemplary damages, violate Defendant's rights under such constitutional provisions.

11067054.1

<u>NINETEENTH DEFENSE</u>

(Imposition of Punitive or Exemplary Damages Violates Due Process – All Causes of Action)

Plaintiff's exemplary damage claims constitute a denial of Defendant's right to due process of law and equal protection of the law, or the taking of private property for public use without just compensation, and violate the separation of judicial, legislative and executive powers guaranteed by the United States Constitution.

<u>TWENTIETH DEFENSE</u>

(Employment Decisions Contrary to Employer's Policies – All Causes of Action)

Plaintiff may not recover exemplary damages for discriminatory employment decisions to the extent that those decisions are contrary to the policies Defendant has instituted in good faith against wrongful conduct.

<u>TWENTY-FIRST DEFENSE</u>

(Attorney's Fees – All Causes of Action)

Plaintiff knew or should have known that the claims in the Complaint are without any reasonable basis in law and equity and cannot be supported by good faith argument for extension, modification or reversal of existing law. As a result of the filing of this Complaint, Defendant has been required to obtain the services of the undersigned attorneys and have and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case. Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1      WHEREFORE, Defendant prays that:

2      1.    Plaintiff take nothing from his Complaint;

3      2.    This Complaint be dismissed with prejudice; and

4      3.    The Court award Defendant such other and further relief to which Defendant may be

5  entitled.

6

7  DATED:    _7-3-08_          Respectfully submitted,

8      NIXON PEABODY LLP

9

10     By: _____

11     JEFFREY M. TANENBAUM
       JOSHUA M. HENDERSON
12     MATTHEW J. FRANKEL
       Attorneys for Defendant
13     USS-POSCO INDUSTRIES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

# PROOF OF SERVICE

**CASE NAME:** MEJIA v. UNITED STATES STEEL CO.
**COURT:**      Contra Costa Superior Court
**CASE NO.:**   C08-01303
**NP FILE:**    031308.8

    I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On this date, I served the following document(s):

### ANSWER AND DEFENSES TO UNVERIFIED COMPLAINT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

\_\_\_✓: **By First-Class Mail** — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

\_\_\_\_: **By Personal Service** — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

\_\_\_\_: **By Overnight Courier** — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

\_\_\_\_: **By Facsimile** — From facsimile number  at approximately A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

Kathleen A. McCormac, Esq.
McCormac & Associates
655 Montgomery St., Suite 1200
San Jose, CA  94111
T: (415) 399-1722

    I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2008, at San Francisco, California.

Carol C. Dowling

- 1 -

JEFFREY M. TANENBAUM, State Bar No. 104951
JOSHUA M. HENDERSON, State Bar No. 197435
MATTHEW J. FRANKEL, State Bar No. 256633
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax:  (415) 984-8300

Attorneys for Defendant
USS-POSCO INDUSTRIES (erroneously named in the Complaint as
"United States Steel Co. dba USS-POSCO Industries")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY MEJIA,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES STEEL CO. dba USS-POSCO INDUSTRIES and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. C0801303<br><br>**DECLARATION OF TRAVIS SWENSON IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

DECLARATION OF TRAVIS SWENSON IN SUPPORT OF
DEFENDANT'S NOTICE OF REMOVAL

11073709.1

EXHIBIT

1    I, Travis Swenson, declare:

2    1.    I am Department Manager of Productivity and Financial Services for USS-Posco

3   Industries, the defendant in this matter.  I have personal knowledge of the facts stated herein, and

4   could competently testify thereto if called as a witness.

5    2.    Anthony Mejia, the plaintiff in this matter, worked as an Operating Technician in the

6   Roll Shop for USS-Posco Industries.  The last year Mr. Mejia performed work for USS-Posco is

7   2004.  The last year that Mr. Mejia worked a full year, he earned approximately $53,435.

8

9    I declare under penalty of perjury under the laws of the United States and the State of

10   California that the foregoing is true and correct.

11

12   Dated this 3rd day of July, 2008, at Pittsburg, California.

13

14

15   Travis Swenson

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TRAVIS SWENSON IN SUPPORT OF
DEFENDANT'S NOTICE OF REMOVAL

11073709.1

## PROOF OF SERVICE

CASE NAME:  MEJIA v. UNITED STATES STEEL CO.
COURT:      USDC – NORTHERN DISTRICT
CASE NO.:
NP FILE:    031308.8

    I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On this date, I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1332, 1441 and 1446 (DIVERSITY)**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

   ✓ :  <u>By First-Class Mail</u> — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

   ____ :  <u>By Personal Service</u> — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

   ____ :  <u>By Overnight Courier</u> — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

   ____ :  <u>By Facsimile</u> — From facsimile number  at approximately A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

<u>Addressee(s)</u>

Kathleen A. McCormac, Esq.
McCormac & Associates
655 Montgomery St., Suite 1200
San Jose, CA  94111
T: (415) 399-1722

    I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2008, at San Francisco, California.

_____
Carol C. Dowling

- 1 -

11074722.1